1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    RONALD RUSSELL,                              No.  2:17-CV-2487-DMC-P

12                    Petitioner,

13          v.                                       ORDER

14    DEAN BORDERS,

15                    Respondent.

16

17              Petitioner, now a former state prisoner proceeding pro se, brings this petition for a

18    writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to the written consent of all parties

19    (ECF Nos. 12 and 14), this case is before the undersigned as the presiding judge for all purposes,

20    including entry of final judgment.  See 28 U.S.C. § 636(c).  Pending before the court is

21    Respondent's motion to dismiss (ECF No. 15), Petitioner's opposition (ECF No. 20), and

22    Respondent's reply (ECF No. 23).  Respondent argues the instant federal petition should be

23    dismissed because petitioner has been released from custody.

24    / / /

25    / / /

26    / / /

27    / / /

28    / / /

1

## I. BACKGROUND

Petitioner was convicted on March 24, 2014, in the Sacramento County Superior Court on fifty-two counts of grand theft, and sentenced on April 25, 2014, to a term of thirteen years and four months in state prison. See ECF No. 1, at 1. Petitioner only appealed on one ground; the trial court had miscalculated Petitioner's presentencing jail credits. See id. at 32. The credit miscalculation was corrected and the California Court of Appeal, Third District, affirmed the conviction and sentence on December 10, 2015. Id. Petitioner filed the instant federal habeas corpus petition on November 27, 2017. See ECF No. 15, at 2. Petitioner was released from the California Department of Corrections and Rehabilitations and placed on Post Release Community Supervision on December 1, 2017. Id. On July 12, 2018, Petitioner was discharged from post release supervision pursuant to California Penal Code § 3456(a)(2) after completing six consecutive months on release with no violations of Petitioner's conditions of post release supervision that resulted in a custodial sanction. Id.

## II. DISCUSSION

The "party moving for dismissal on mootness grounds bears a heavy burden." Coral Const. Co. v. King Cty., 941 F.2d 910, 927 (9th Cir. 1991). Here, the Court finds Respondent has failed to meet his burden because he has not made an argument in his motion to dismiss that is both persuasive and supported by proper legal authority. Rather, it appears Respondent misunderstands habeas law generally, as Respondent's repeated misapplication of the law resulted in improper arguments that necessarily lead to the conclusion that Respondent has failed to carry his burden. This alone is sufficient to deny the motion to dismiss. Even applying proper legal standards, the court still finds dismissal would be inappropriate.

///
///
///
///
///

1    **A.    "In Custody" Requirements**

2         This case proceeds on a petition for writ of habeas corpus filed pursuant to 28

3    U.S.C.A. § 2254(a), which states:

4         The Supreme Court, a Justice thereof, a circuit judge, or a district court
         shall entertain an application for a writ of habeas corpus in behalf of a
5         person *in custody* pursuant to the judgment of a State court only on the
         ground that he is *in custody* in violation of the Constitution or laws or
6         treaties of the United States.

7         28 U.S.C.A. § 2254(a) (emphasis added).

8         Respondent alleges that because Petitioner was released from custody seven

9    months *after* he filed his habeas petition with the federal court, "Respondent therefore no longer

10   has any custody of Petitioner to defend, and Petitioner no longer has any Respondent-imposed

11   constraint on liberty of which he could complain." See ECF No. 15, at 5.  The Court finds this

12   argument flawed and unpersuasive.  Respondent cites Bailey v. Hill to illustrate the difference

13   between the two statutory "in custody" requirements, but Respondent misunderstands the

14   distinction and improperly analyzes this case to support his contentions.  599 F.3d 976, 978-79

15   (9th Cir. 2010).  Regarding the two "in custody" requirements, Bailey states:

16        We note that § 2254(a) deploys the term "in custody" twice. The first
         requirement is that the petition be filed "in behalf of a person in custody,"
17        and the second is that the application for the writ of habeas corpus can
         only be entertained "on the ground that [the petitioner] is in custody in
18        violation of the Constitution or laws or treaties of the United States." 28
         U.S.C. § 2254(a). Although the precedents that we review herein generally
19        speak of the "in custody" requirement, it can be seen literally that this
         statutory requirement has two distinct aspects.
20
         Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010).
21

22        Bailey affirms the first statutory use of "in custody" means the "petitioner must be

23   in custody at the time that the petition is filed."  Id. at 979.  Bailey further states that "the

24   petitioner's subsequent release from custody does not itself deprive the federal habeas court of its

25   statutory jurisdiction" because "physical custody is not indispensable to confer jurisdiction."  Id.

26   (internal quotation marks omitted).  In Bailey, the Ninth Circuit establishes the first "in custody"

27   requirement is simply that the habeas petition must have been filed while the prisoner was "in

28   custody," and that if later, after he has already filed his habeas petition while in custody, he is

                                                    3

released, the court does not necessarily lose its jurisdiction.  Id.

Further, Bailey states the second statutory use of "in custody" means "literally that the person applying for the writ is contending that he is 'in custody' in violation of the Constitution or other federal laws."  Id.  In Bailey, the Petitioner argued that his physical custody *alone* was enough for him to challenge a restitution order via habeas petition.  However, the Ninth Circuit found:

> Bailey's reliance on his physical custody is misplaced. The plain meaning of the text of § 2254(a) makes clear that physical custody alone is insufficient to confer jurisdiction. Section 2254(a)'s language permitting a habeas petition to be entertained "only on the ground that [the petitioner] is in custody *in violation of the Constitution or laws or treaties of the United States*" (emphasis added), explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody.

Id.

Although Respondent alleges Petitioner "confuses the first . . . custody requirement with the second," it would appear Respondent has confused the standards.  See ECF No. 23, at 2.  Respondent alleges that because Petitioner has been released and is not in physical custody, he can no longer meet the second "in custody" requirement.  Id.  The Ninth Circuit explicitly found the second "in custody" prong requires an individual to be held in custody in violation of the Constitution or laws or treaties of the United States.  Bailey, 599 F.3d at 980.  The Petitioner in Bailey was contending "my custody is okay and consistent with federal law, but I should not be burdened by this restitution requirement," id., whereas here, Petitioner alleges his custody did in fact offend federal law because of alleged actual innocence.  See ECF No. 1, at 36-40.  Accordingly, this Court finds that Petitioner, who filed his habeas petition with the federal court while in custody satisfies the first "in custody" requirement, and by alleging his custody violated federal law, also satisfies the second "in custody" requirement.  Petitioner has properly brought a petition for writ of habeas corpus before the federal court and thus has standing to continue his action.

///

///

///

4

In attempting to explain the difference between collateral consequences and standing, Respondent, in his reply to Petitioner's opposition, quotes Resendiz v. Kovensky: "[i]t is well-established that once the sentence imposed for a conviction has completely expired, the collateral consequences of the conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." 416 F.3d 952, 956 (9th Cir. 2005) (internal quotation marks omitted). Further, Respondent quotes Williamson v. Gregoire, stating, "courts hold that the imposition of a fine or the revocation of a license is merely a collateral consequence of conviction, and does not meet the 'in custody' requirement." 151 F.3d 1180, 1183 (9th Cir. 1998). However, Respondent has misapplied the above law when distinguishing the "in custody" requirements. In Resendiz, the Ninth Circuit addressed only the first "in custody" requirement in holding that collateral consequences are not sufficient to overcome the requirement that one file his habeas petition while "under the conviction or sentence under attack." Resendiz, 416 F.3d at 956. The opinion indicates it is addressing the first "in custody" requirement by adding emphasis to the words "in custody pursuant to the judgment of a State court" in the paragraph before Respondent's above-quoted excerpt. Id.

Further, in Williamson, the petitioner was discharged from his sentence in August 1994, then one year later in August 1995, filed a petition for habeas corpus challenging the validity of his conviction. Williamson, 151 F.3d at 1181-82. In this opinion, the Ninth Circuit again only addressed the first "in custody" requirement, because the petitioner did not file his habeas petition while in custody, but rather filed a year after release. Here, it is undisputed that Petitioner was in custody at the time he filed his petition. Indeed, in Respondent's reply to the opposition, Respondent states he "does not argue Petitioner was not in custody at the time he initiated this action." See ECF No. 23, at 2. Despite this undisputed fact, Respondent cites Williamson and Resendiz, inappropriately attempting to impose a rule of law applicable only to the first "in custody" requirement on the second "in custody" requirement. Respondent's argument is completely without merit. As such, this Court finds Respondent's arguments here wholly unpersuasive.

///

**B.    Mootness**

Resendiz and Williamson both discuss the types of collateral consequences that do not satisfy the first "in custody" requirement.  After Respondent inappropriately assumes the first and second of the "in custody" requirements "apply with equal force" to each other, Respondent then asserts that Petitioner is alleging the same "rejected" collateral consequences from those cases.  ECF No. 23, at 5.  Thus, Respondent argues Petitioner's alleged collateral consequences are also rejected by case law, he does not meet the first "in custody" requirement, and his petition is moot.  Id.  However, Respondent has once again misstated the law and seemingly the facts of this case.  It is undisputed that Petitioner was in custody when he filed his habeas petition with the district court.  ECF No. 23, at 2.  Therefore, as already discussed above, the first "in custody" requirement has been satisfied.  Because both Resendiz and Williamson address only the first "in custody" requirement, they do not apply to Petitioner's collateral consequence argument.  Additionally, case law explicitly states the two statutory references to "in custody" represent distinct requirements, therefore Respondent's argument that they "apply with equal force" to each other fails.  See Bailey, 599 F.3d at 978.

Turning to mootness, the Supreme Court held that "[o]nce the sentence has expired, however, the petitioner must show some concrete and continuing injury other than the now-ended incarceration (or parole)—some 'collateral consequence of the conviction—if the suit is to be maintained."  Spencer v. Kemna, 523 U.S. 1, 1-2 (1998).  Respondent paradoxically argues Petitioner "[s]urely [] still suffers collateral consequences resulting from his state conviction.  This case **is not moot**" while simultaneously asserting "[s]ince Petitioner does not meet the in-custody requirement the petition **is moot** because there is no longer a case or controversy."  ECF No. 23, at 4-5.  This confusing and contradictory argument is entirely unpersuasive.

It is true that the collateral consequences Petitioner alleges would not meet the first "in custody" requirement, but this Court has already established that Petitioner met the first requirement by filing his petition while in custody.  Respondent's argument based on Petitioner not meeting that first requirement, and therefore rendering the petition moot, necessarily fails.

6

1    Accordingly, the collateral consequences Petitioner continues to suffer from his state court

2    conviction are only applicable to the second prong of the "in custody" requirements.  This court

3    has also already established that Petitioner satisfied the second "in custody" requirement;

4    therefore, even though he has been released from custody, the collateral consequence exception

5    applies and his petition is not moot.  As mentioned above, Respondent concedes that Petitioner

6    continues to suffer collateral consequences from the state court conviction.  Because Respondent

7    did not argue that Petitioner's collateral consequences do not satisfy the second "in custody"

8    requirement, which is the only applicable statutory language upon which to base mootness in the

9    instant case, this Court finds the petition is not moot.

10            **C.      District Court Habeas Powers**

11                   Respondent states that it is "settled" law that "the relief this Court could order is

12   limited to (unconditional or conditional) release from the custody of a respondent."  See ECF No.

13   15, at 5.  Respondent goes on to quote from Douglas v. Jacquez, "a habeas court has the power to

14   release a prisoner, but has no other power[.] It cannot revise the state court judgment; it can act

15   only on the body of the petitioner."  626 F.3d 501, 504 (9th Cir. 2010) (internal quotation marks

16   omitted).  It appears Respondent misunderstands what it means to "act on the body" of a prisoner.

17   By removing this language from context, Respondent misapplied the law by attempting to tell the

18   Court it has only one ability in determining the outcome of a habeas petition.  Douglas is correct

19   in that a federal habeas court cannot *revise* a state court judgment; however, this does not mean

20   that a federal habeas court has no other powers.  Id.  On the very same page as the above quoted

21   law from Respondent, Douglas goes on to state:

22            Here, the district court impermissibly attempted to *revise* the state court
             judgment when it ordered the state to resentence Douglas under § 451(c).
23            The district court's power under habeas corpus was either immediately to
             *vacate* the prisoner's arson sentence, or to *postpone such relief* for a
24            reasonable period to allow the state court properly to sentence the
             prisoner.
25
             Id. (emphasis added).
26

27   / / /

28   / / /

                                                    7

1    Respondent has misinterpreted <u>Douglas</u> as stating a federal habeas court has one

2    power, which is only to release individuals from custody.  However, <u>Douglas</u> also states the

3    district court has the power to vacate a sentence and postpone relief.  <u>Id.</u>  In Respondent's reply to

4    Petitioner's opposition, Respondent concedes "a district court . . . is limited to either immediately

5    vacating the petitioner's sentence . . . or postponing release for a reasonable period of time," but

6    then goes on to conclude, "if federal jurisdiction were not limited to acting on a petitioner's

7    custody, it stands to reason that federal courts would simply order the desired state action . . ."

8    <u>See</u> ECF No. 23, at 3.  Respondent directly contradicts himself in this paragraph by first admitting

9    the federal habeas courts *do* have other powers beyond releasing a prisoner from custody, but

10   then stating federal jurisdiction is limited only to acting on a petitioner's custody.

11         In fact, it does not "stand to reason" that the federal court would "simply order the

12   desired state action," because the federal court can use its other powers to vacate a petitioner's

13   state court conviction, if required.  Although release from custody generally follows vacating a

14   sentence, this act by the district courts also allows for the potential elimination of any collateral

15   consequences following a prisoner from his state court conviction. Such is the potential in the

16   instant habeas petition.  Accordingly, Respondent fails in the argument that this Court does not

17   have jurisdiction if Petitioner, who is no longer in custody, cannot receive the "only" relief

18   available to him from this Court.

19         **D.    Improper Respondent Named**

20         If the petitioner is currently in custody under a state-court judgment, the petition

21   must name as respondent the state officer who has custody."  <u>See</u> Rule 2(b) of the Rules

22   Governing Section 2254 Cases in the United States District Courts.  Where the petitioner is in

23   custody due to the state action he is challenging, both the warden and the director of corrections

24   have the power to produce the prisoner and thus function as a proper respondent.  <u>See</u> <u>Ortiz-</u>

25   <u>Sandoval v. Gomez</u>, 81 F.3d 891, 895-96 (9th Cir. 1996).  Here, Respondent argues in his reply to

26   Petitioner's opposition that Warden Borders should be dismissed from this case because he has

27   been improperly named as the Respondent.  Respondent quotes <u>Brittingham v. United States</u>,

28   stating, "[t]he proper respondent in a federal habeas corpus petition is the petitioner's immediate

8

custodian. A custodian is the person having day-to-day control over the prisoner. That person is the only one who can produce the body of the petitioner." 982 F.2d 378, 379 (9th Cir. 1992) (internal quotation marks omitted).

Respondent contends that because Petitioner was released from custody, Warden Borders no longer has "day-to-day control" over Petitioner, cannot produce the body of Petitioner, and is thus the wrong Respondent in this habeas petition. However, Respondent has again misread the law. In Brittingham, the Court found the petitioner had named the wrong respondent because he named the U.S. Marshal for the District of Hawaii who had been responsible for transporting the petitioner between a detention center to a federal prison. Id. at 379-80. The Court concluded this was error because the petitioner *should* have named the warden. Id. at 379. Brittingham even cites Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989), where the Ninth Circuit held the "warden is custodian for purposes of habeas corpus petition . . ." Brittingham, 982 F.2d at 379. This Court finds that Petitioner followed proper habeas law and has named the correct Respondent because Warden Borders was the warden with custody of Petitioner at the prison in which Petitioner was confined when he filed the instant habeas petition.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.     Respondent's motion to dismiss (ECF No. 15) is denied; and

2.     Within 60 days of the date of this order, respondent shall file an answer to petitioner's petition for a writ of habeas corpus.

Dated:  September 4, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE