# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD RUSSELL,

       Petitioner,

  v.

DEAN BORDERS,

       Respondent.

No.  2:17-CV-02487-DMC

MEMORANDUM OPINION AND ORDER

      Petitioner, a former state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. ECF Nos. 12, 14. The case is thus before the Court for all purposes, including entry of final judgment. Pending before the Court are Petitioner's petition for a writ of habeas corpus and Respondent's answer. ECF Nos. 1, 31. The Court denies the petition for a writ of habeas corpus.

///
///
///
///
///
///

# I. BACKGROUND

**A.  State Criminal Proceedings:[1]**

A jury convicted Petitioner in the Superior Court of Sacramento of forty-nine counts of grand theft and two counts of petty theft. See ECF No. 33-9; see also ECF Nos. 32-5, 32-6. The jury found in favor of several enhancements. See ECF No. 33-9 at 1. The trial court sentenced Petitioner to thirteen years and four months in state prison. Id.

Petitioner was a licensed real estate broker. Id. at 2. In the wake of the 2008 financial crisis, he initiated a "rent to own" program. Id.; see ECF No. 1 at 22. Petitioner required clients to pay an up-front fee of $2,900. ECF No. 33-9 at 2. In exchange, Petitioner provided clients with a list of foreclosed homes from which clients would select a home they wished to eventually own through the program. Id. Petitioner would purchase the selected home on behalf of a client and lease the home to the client. Id. Petitioner would eventually allow the client to transition from renter to homeowner and purchase the home from him. Id. Petitioner required clients to sign a contract stating that the $2,900 fee would pay for moving costs, first month's rent, and security deposit, and would be applied to the down payment and costs when a client elected to purchase the property. Id. The contract also provided that the $2,900 fee was the total fee required to join the program and to transition from renter to homeowner. Id. at 2–3. The entire up-front fee was refundable upon written request at any time before the client moved into the property. Id. at 3. Clients' eventual purchase price of a home would be the same price defendant initially paid for the property. Id.

Eventually, more than eighty clients signed up for Petitioner's program. Id. None of them moved into a house. Id. None of them became homeowners. Id. Several of Petitioner's clients selected homes from the list that Petitioner provided. Id. They were subsequently told, however, that the offers were not accepted or that someone else had "beat them to it." Id. Some clients ultimately contacted sellers of the homes directly and learned that Petitioner either did not have funds to make the purchase or had never submitted an offer at all. Id.

---

[1] The last state court to issue an opinion on Petitioner's habeas claims is the Superior Court that denied his state petition. ECF No. 33-11. That court did not include a recitation of facts. See id. The facts here are from the California Court of Appeal's decision in Petitioner's direct appeal, which was part of the record before the Superior Court. The opinion relevant to federal habeas relief, however, is the reasoned opinion from the Superior Court addressing Petitioner's claims. See Wilson v. Sellers, 138 S.Ct. 1188, 1191–92 (2018); Kipp v. Davis, 971 F.3d 939, 948 (9th Cir. 2020).

Petitioner told clients that investors backed his rent to own program. Id. Petitioner stated that the investors had money for the purchase of homes. Id. Petitioner later told the California Bureau of Real Estate that investor funding fell through. Id. Evidence at trial later revealed, however, that Petitioner never purchased any home for any of his clients. Id. Instead, he deposited clients' fees into his personal bank account and used the money for personal expenses. Id. Petitioner had initially promised clients that he would maintain client funds in a separate escrow account Id.

All but one of Petitioner's clients sought refunds of their up-front payments. Id. Some 30 clients received a refund. Id. More than 50 clients did not. Id. Petitioner's bank accounts indicated that he used fees from clients who joined later to refund clients who joined earlier. Id.

Petitioner appealed to the California Court of Appeal on one ground. Id. at 2, 4. He contended that the trial court incorrectly calculated his pretrial custody credits. Id. at 2. The Court of Appeal corrected the award of credits and affirmed Petitioner's conviction in all other respects. Id. at 2, 7. Petitioner did not further appeal to the Supreme Court of California. ECF No. 1 at 2.

Petitioner was released from prison in December 2017. ECF No. 16-2 at 3. The State placed him on post-release supervision. Id. Six months later, the State released Petitioner from post-release supervision. Id. at 1. Respondent no longer has any custody of Petitioner. See id.

**B.  State Habeas Corpus Proceedings:**

Petitioner filed a first state habeas corpus petition in the Superior Court of Sacramento while his appeal was pending in the California Court of Appeal. ECF No. 32-1. The Superior Court denied the petition as a second or substitute appeal under California law, reasoning that grounds he alleged in his petition could be raised on appeal. Id. The Superior Court also reviewed Petitioner's claim of ineffective assistance of counsel and denied it on the merits. Id.

Petitioner filed a second petition in the Superior Court after the Court of Appeal rendered its opinion. See ECF Nos. 33-9 at 1, 33-10 at 1, 107. The court denied the petition. ECF No. 33-11. Citing In re Clark, 5 Cal.4th 750 (1993), the court denied the petition as successive and for piecemeal presentation of claims. Id. at 1. The court also denied Petitioner's ineffective assistance of appellate counsel claim. Id. at 2–3.

///

Petitioner claimed that appellate counsel should have raised numerous issues on appeal, including: (1) that the underlying case was a contractual dispute between Petitioner and clients, not a criminal case; (2) that Petitioner's speedy trial rights had been violated; (3) that the evidence was insufficient to show Petitioner knowingly violated the law or intended to defraud clients; (4) that trial counsel was ineffective; (5) that the prosecutor engaged in misconduct by making impermissible comments to the jury; (6) that the prosecutor committed *Brady* violations; (7) that the prosecutor withheld complete witness statements; and (8) that Petitioner was prejudiced by cumulative error. Id. at 2–4. The Superior Court examined each of Petitioner's alleged errors. Id. In pertinent summary, the Superior Court concluded that none of Petitioner's alleged errors at trial existed; for example, no *Brady* violations and no cumulative error. Id. Appellate counsel had a duty to raise all arguable issues, but Petitioner's counsel was not ineffective for not raising meritless issues. See id. The court also concluded that Petitioner failed to show any right to a more prompt procedure or decision on appeal. Id. at 4. Appellate counsel's performance did not fall below an objective standard of reasonableness. See id. at 1–4.

Petitioner filed a third state habeas petition in the Court of Appeal. ECF No. 33-12. The court denied the petition without comment. ECF No. 33-13. Petitioner then filed a fourth habeas petition in the Supreme Court of California. ECF No. 33-14. The Supreme Court denied the fourth petition without comment.[2] See ECF No. 33-15.

**C. Current Federal Habeas Corpus Petition:**

**1. *Petitioner's Claims*:**

Petitioner filed this federal petition on November 27, 2017. ECF No. 1 at 1. He raises eight claims, which are the same as those that were before the Superior Court. ECF No. 1 at 22–127; 33-10 at 15–106. He asserts (1) actual innocence, (2) a speedy trial violation, (3) that the State failed to prove each element of the offense, (4) that the evidence was insufficient to convict him, (5) ineffective assistance of trial counsel, (6) prosecutorial misconduct, (7) cumulative error, (8) and ineffective assistance of appellate counsel. ECF No. 1 at 36–127.

---

[2] Respondent does not include a formal order from the Supreme Court of California denying Petitioner's petition without comment, but a copy of the docket is included and indicates the court denied the petition. ECF No. 33-15. The Court accepts Respondent's representation  that the Supreme Court did not provide reasons for its decision.

Petitioner argues that his appellate counsel was ineffective because she failed to consult with Petitioner regarding his appeal, delayed filing an opening brief on appeal by requesting extensions of time to file, and failed to raise significant issues on appeal.[3] See id. at 117–27. He claims that counsel should have raised each issue identified in his petition. Id. at 117. Petitioner claims that raising the issues would have warranted reversal of his conviction. Id. at 122–26.

### 2. *Respondent's Arguments*:

Respondent opposes each of Petitioner's claims. ECF No. 31. Respondent first argues that all of Petitioner's claims, except for his claim for ineffective assistance of appellate counsel, are procedurally barred. Id. at 15. In Respondent's view, the Superior Court's procedural rejection of Petitioner's claims constitutes an independent and adequate state law ground precluding federal review. Id. The Superior Court's rejection of most of Petitioner's claims as successive and piecemeal bars federal review because it is grounded in state law adequate to support the judgment and independent of federal law. Id. at 15–16. California state courts, Respondent argues, regularly reject successive and piecemeal petitions for writs of habeas corpus. Id. Procedural default is preliminary issue preceding consideration of the merits of a petition, and the Court may thus properly refuse to reach the merits of Petitioner's claims because he defaulted on California's procedural requirements. See id. Once the government raises procedural default, the burden shifts to petitioners to place the defense in issue and assert specific facts that demonstrate the inadequacy of the state procedure. Id. Because the superior court denied most of Petitioner's claims on independent, adequate state procedural grounds, and because Petitioner has not attempted to justify noncompliance with the state procedure, the state procedure here bars federal review. Id. at 17.

Respondent further argues that each of Petitioner's claims fail on the merits.[4] Id. at 17. Relevantly, Respondent argues that Petitioner cannot demonstrate that his appellate counsel was ineffective. Id. at 45–47. Overcoming the standard for ineffective assistance of counsel

---

[3] The issues that Petitioner contends appellate counsel failed to raise on appeal generally coincide with the issues discussed regarding appellate counsel's performance in the Superior Court's denial of Petitioner's second petition. See ECF No. 1 at 117–27; ECF No. 33-11 at 1–7.

[4] Because the Court determines that the Superior Court's denial of Petitioner's claims were on procedural grounds, , save for the ineffective assistance of appellate counsel claim, the Court here only recites Respondent's merits arguments regarding ineffective assistance of appellate counsel.

announced in Strickland v. Washington, 466 U.S. 668 (1984) is a high bar. Id. at 45. That path is all the more difficult under AEDPA because AEDPA's own deferential standards apply. Id. at 46. Strickland applies in tandem with AEDPA. Id. The ultimate question is whether there is any reasonable argument that counsel satisfied Strickland. Id. When assessing counsel's performance, the presumption is that counsel's decisions were strategic. Id. Moreover Petitioner must show prejudice undermining confidence in the outcome his appeal. See id.

Respondent contends that fair-minded jurists could agree with the Superior Court's finding that appellate counsel's performance did not fall below an objective standard of reasonableness. Id. Appellate counsel only raised the issue of sentencing credits on appeal, and Petitioner alleges that counsel should have raised each issue that he identifies in his petition. Id. at 46–47. But Petitioner's bald statements that the issues should have been raised are insufficient. Id. at 47. The Superior Court rejected each of the issues that Petitioner wanted appellate counsel to raise because they were not arguable issues on appeal. Id. Petitioner thus cannot demonstrate how his appeal would have been different had appellate counsel raised the issues Petitioner wanted. Id. Respondent consequently concludes that a fair-minded jurist can agree with the Superior Court that Petitioner failed to demonstrate ineffective assistance of appellate counsel. Id.

**II. STANDARD OF REVIEW**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this petition because Petitioner filed it after 1996. Ayala v. Chappell, 829 F.3d 1081, 1093 (9th Cir. 2016). AEDPA limits federal courts' authority to grant habeas relief. See id. If a claim in state court was adjudicated on the merits, 28 U.S.C. 2254(d) limits relief to two grounds. E.g., Kipp v. Davis, 971 F.3d 939, 948 (9th Cir. 2020). Federal courts may not grant a habeas petition on a claim that a state court decided on the merits unless the state court's adjudication: (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d); see Glebe v. Frost, 574 U.S. 21, 23 (2014). Courts will apply AEDPA's standards to the last reasoned state court decision. E.g., Ayala, 829 F.3d at 1093.

"[C]learly established Federal law" refers to the governing legal standards, as decided by the U.S. Supreme Court, in effect at the time a state court renders its decision on a habeas petition. Lockyer v. Andrade, 538 U.S. 63, 71–72 (2003); Williams v. Taylor, 529 U.S. 362,412 (2000); Ayala, 829 F.3d at 1093. Clearly established federal law, furthermore, refers only to the holdings of the Supreme Court's decisions, not dicta. Williams, 529 U.S. at 412; Scott v. Arnold, 962 F.3d 1128, 1131 (9th Cir. 2020); see Ayala, 829 F.3d at 1094. Supreme Court precedent must squarely address an issue. E.g., Wright v. Van Patten, 552 U.S. 110, 125–26 (2008); Robertson v. Pichon, 849 F.3d 1173, 1182 (9th Cir. 2017). If a decision from the Supreme Court does not squarely address an issue or establish a legal principle that clearly extends to a new context, then there is no clearly established law for the purposes of AEDPA. Robertson, 849 F.3d at 1182. The holdings of lower federal courts do not constitute clearly established federal law. Plumlee v. Masto, 512 F.3d 1204 (9th Cir. 2008) (en banc). Circuit Court precedent cannot fill open questions in Supreme Court holdings. Robertson, 849 F.3d at 1182. If a state court may draw a principled distinction between a case at hand and existing Supreme Court precedent, then the law is not clearly established for the state court case. Id. Federal courts will be deferential to the state court's decision in the absence of clearly established federal law. Id.

For the purposes of 28 U.S.C. § 2254(d)(1), state court decisions are contrary to clearly established federal law if a court applies a rule contradicting the governing law outlined in Supreme Court cases. See Ayala, 829 F.3d at 1094. A state court decision is also contrary to clearly established law if, in a case involving a materially indistinguishable set of facts, the court arrives at a different result than did the Supreme Court. Id. The "contrary to" prong of § 2254(d)(1) thus involves a direct, irreconcilable conflict with Supreme Court precedent. Murray v. Schriro, 745 F.3d 984, 997 (9th Cir. 2014).

A state court adjudication involves an unreasonable application of clearly established federal law if the court identifies the correct controlling legal rule from Supreme Court precedent but unreasonably applies it to the facts of given case. Ayala, 829 F.3d at 1094. State courts may also be found to have unreasonably applied Supreme Court precedent if the court unreasonably extends precedent to a context in which it should not apply or unreasonably declines

to extend a precedent where it should apply. Murray, 745 F.3d at 997. But a state court decision must be objectively unreasonable to satisfy § 2254(d)(1)'s "unreasonable application" prong, not simply incorrect or erroneous. Lockyer, 538 U.S. at 75; Robertson, 849 F.3d at 1182. The question of whether a state court unreasonably applied clearly established federal law is highly deferential. Cullen v. Pinholster, 563 U.S. 170, 181 (2011); Murray, 745 F.3d at 997. Federal courts must give state court decisions the benefit of the doubt. Cullen, 563 U.S. at 181. An *unreasonable* application of federal law is different than an *incorrect* application. Williams, 529 U.S. at 410. Congress used the term "unreasonable" in § 2254(d)(1), not a word like "incorrect." Id. A federal court, therefore, may not grant relief just because, in its independent judgment, the state court decision erroneously applied established federal law. Id. If "fair-minded jurists" could disagree on the correctness of the state court's decision, a state court's conclusion that a claim lacks merit precludes federal habeas relief. Harrington v. Richter, 562 U.S. 86, 101 (2011); Robertson, 849 F.3d at 1182. A prisoner seeking habeas relief must instead show that the state court's decision was so lacking in justification that there was an error well-understood in existing law beyond any possibility of fair-minded disagreement. White v. Woodall, 572 U.S. 415, 419–420 (2014); Robertson, 849 F.3d at 1182.

Additionally, under AEDPA, a petitioner may be entitled to relief if the state court's determination was based on an unreasonable factual foundation. 28 U.S.C. § 2254(d)(2); see Harrington, 562 U.S. at 100. The statute limits the inquiry to the evidence that was before the state court. 28 U.S.C. 2254(d)(2). Relief may be permitted by challenging the substance of the state court's factual findings and showing that those findings were not supported by substantial evidence on the record. Hibbler v. Bendetti, 693 F.3d 1140, 1146 (9th Cir. 2012). A petitioner can also attempt to show that the state court's fact-finding process itself was materially deficient. Id. Irrespective of the type of challenge, a petitioner must establish that the state court's decision was not merely incorrect, but objectively unreasonable. Id.; Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011). Federal courts, in other words, may not second-guess a state court's factual findings unless, after review of the state-court record, the federal court determines that the state court was not merely wrong but was actually unreasonable. See Hibbler, 693 F.3d at 1146–48. The question is thus not whether a federal court believes the state court's determination was incorrect but whether

that determination was unreasonable, which is a significantly higher threshold. Id. at 1146. A state court's factual findings are unreasonable if a federal appellate panel, applying the normal standards of review, could not reasonably conclude that the finding is supported by the record. Id.; Pizzuto v. Yordy, 947 F.3d 510, 523 (9th Cir. 2019). If reasonable minds reviewing the record could disagree, the state court factual determinations are not unreasonable. See, e.g., Brumfield v. Cain, 576 U.S. 305, 314 (2015); Pizzuto, 947 F.3d at 530.

Finally, a state court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1); see Murray, 745 F.3d at 998–99. To overcome the presumption a petitioner must rebut the state court's factual findings by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Unlike § 2254(d), application of § 2254(e)(1) is not restricted to claims determined on the merits. Kirkpatrick v. Chappell, 950 F.3d 1118, 1131 (9th Cir. 2020). Instead, it appears to apply to all factual determinations made by state courts. Id.; see Sophanthavong v. Palmateer, 378 F.3d 859, 866–67 (9th Cir. 2004). Thus, the Court defers to a state court's factual findings unless clear and convincing evidence indicates that its factual findings were wrong. Kirkpatrick, 950 F.3d at 1131–32.

## III. DISCUSSION

AEDPA requires that federal courts train their attention on the reasons why each state court to consider a petitioner's claims denied relief. Wilson v. Sellers, 138 S.Ct. 1188, 1191–92 (2018). The inquiry requires federal courts to look to the last state court to decide a petitioner's federal claims in a reasoned opinion. Id. at 1192. This is so even when multiple state courts have resolved a claim. See id.; Kipp, 971 F.3d at 948. If a *reasoned* opinion from a higher state court exists—for example, the state supreme court—a federal court will look to that decision. See, e.g., Kipp, 971 F.3d at 948. But where decisions of higher state courts are silent and do not disclose the reason for denying relief, then federal courts must "look through" the mute decisions to the last state court decision that provides a relevant rationale. Wilson, 138 S.Ct. at 1192; Kipp, 971 F.3d at 948; Curiel v. Miller, 830 F.3d 864, 869–70 (9th Cir. 2016). In doing so, the federal court reviews the last reasoned opinion in isolation and not in combination with the other state court decisions. Curiel, 830 F.3d at 870.

///

1          Federal habeas courts presume that the higher courts, through their mute decisions,

2   agreed with and adopted the reasoning of the lower court. <u>Wilson</u>, 138 S.Ct. at 1192; <u>Curiel</u>, 830

3   F.3d at 870. That presumption extends to a lower court's imposition of a procedural bar. <u>Kernan v.</u>

4   <u>Hinojosa</u>, 136 S.Ct. 1603, 1605 (2016). Federal courts presume that an otherwise mute higher court

5   decision did not silently disregard application of a procedural bar and consider the merits of claim.

6   <u>Id.</u> Silence implies consent to a lower court's opinion. <u>Id.</u>

7          Three state courts have addressed Petitioner's various petitions for a habeas relief.

8   <u>See</u> ECF Nos. 33-11, 33-13, 33-15. The Superior Court, California Court of Appeal, and the

9   Supreme Court of California each denied Petitioner's petitions. <u>See</u> ECF Nos. 33-11, 33-13, 33-15.

10  Only the Superior Court provided reasons for its decisions. <u>See</u> ECF Nos. 33-11, 33-13, 33-15. The

11  California Court of Appeal and the Supreme Court of California both denied Petitioner's petitions

12  before those courts without comment. <u>See</u> ECF Nos 33-13, 33-15. The Court of Appeal's order did

13  not contain citation to any authority. ECF No. 33-13.

14         The Superior Court is the only California state court to provide a rationale for its

15  decision. ECF Nos. 33-11, 33-13, 33-15. This Court accordingly looks through the silent decisions

16  from the California Court of Appeal and the Supreme Court of California to the Superior Court's

17  reasoning. <u>Wilson</u>, 138 S.Ct. at 1192; <u>Kipp</u>, 971 F.3d at 948; <u>Curiel</u>, 830 F.3d at 870. The Court

18  presumes that the appellate courts agreed with and adopted the Superior Court's reasoning. <u>Wilson</u>,

19  138 S.Ct. at 1192; <u>Curiel</u>, 830 F.3d at 870.

20  **A.  Independent and Adequate State Law Grounds:**

21         A federal habeas court cannot review claims rejected by a state court if the state

22  court's decision rests upon a state law ground independent of the federal question and adequate to

23  support the judgment. <u>Walker v. Martin</u>, 563 U.S. 307, 315 (2011). State procedural default rules

24  may constitute an independent, adequate ground. <u>Id.</u> To qualify as an adequate procedural ground,

25  a state rule must be "firmly established and regularly followed." <u>Id.</u> at 316. A state procedural bar,

26  in other words, is "adequate" if it is clearly and consistently applied and is well-established at the

27  time of a petitioner's apparent procedural default. <u>Calderon v. U.S. Dist. Court</u>, 96 F.3d 1126, 1129

28  (9th Cir. 1996).  The burden of proving adequacy is on the respondent. <u>Carter v. Giurbino</u>, 385 F.3d

10

1194, 1198 (9th Cir. 2004). If the state sufficiently pleads an independent and adequate state procedural ground, the burden shifts to the petitioner to assert "specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." Bennet v. Mueller, 322 F. 3d 573, 586 (9th Cir. 2003).

The independent and adequate state law ground doctrine furthers the requirement that state prisoners must typically first exhaust their remedies in state court prior to federal habeas relief. Walker, 563 U.S. at 315–16; see 27 U.S.C. § 2254(b)(1)(A). Prisoners may not sidestep state court exhaustion by defaulting their federal claims in state court. Walker, 563 U.S. at 316. Thus, if a state court has declined to address a prisoner's claims because the prisoner failed to comply with state procedural rules, and that judgment rests upon independent and adequate state law grounds, federal relief is unavailable absent a showing of cause and prejudice. Id.; Coleman v. Thompson, 501 U.S. 722, 750 (1991). That is to say that there is a narrow exception to the rule that federal habeas relief is unavailable if a prisoner can show "cause for the default and prejudice from a violation of federal law." Martinez v. Ryan, 566 U.S. 1, 10 (2012). Prisoners who defaulted their federal claims in state court may also obtain federal review if the prisoner shows that failure to consider the claims would result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750; Bradford v. Davis, 923 F.3d 599, 610 (9th Cir. 2019).

Here, the Superior Court declined to review the merits of most of Petitioner's claims. ECF No. 33-11. The Superior Court cited In re Clark, 5 Cal.4th 750 (1993) and specifically stated:

California courts have repeatedly rejected successive petitions and piecemeal presentation of claims. (*In re Clark* (1993) 5 Cal.4th 750, 774.) Before a successive petition will be considered on its merits the petitioner must explain and justify the failure to present claims in a timely manner in a prior petition. In particular, a petitioner must be able to show that he did not know of the claim and could not have known of the claim had exercised due diligence. (*Ibid*.)

Some of the claims that petitioner presents about his trial counsel or trial procedures were presented with his first habeas petition challenging his conviction. All of them could have been. Petitioner has failed to show that the court should excuse the piecemeal presentation of claims. The only claim that does not fall under this analysis is petitioner's claim of ineffective assistance of appellate counsel. Petitioner's appeal had not been completed when he filed his previous petition.

Id. As the Superior Court's language indicates, Petitioner violated California's procedural bar against successive, piecemeal presentation of habeas petitions. Id. Petitioner provided no reason to excuse the procedural default. Id. The court thus declined to review the claims. See id.

The Superior Court's citation of Clark is a familiar occurrence for federal courts sitting in California. See, e.g., Bradford, 923 F.3d at 610–11; Luckett v. Matteson, No. 18-cv-07670-HSG (PR), 2020 WL 6868834, at *10 (2020). Clark is a lengthy opinion and, among other things, addresses procedural bars on untimely filing of petitions, procedural bars against piecemeal presentation of claims, and "abuse" of the writ of habeas corpus. See In re Clark, 5 Cal.4th 750, 764–82 (1993). In relevant part, before considering the merits of claims in a second or successive petition, California habeas courts first ask whether a petitioner has sufficiently explained the failure to present the claims in a prior petition, and whether the explanation justifies piecemeal presentation of claims. Id. at 774.

Neither the United States Supreme Court nor the United States Court of Appeals for the Ninth Circuit appear to have conclusively addressed whether Clark's procedural bar of successive, piecemeal habeas petitions is an independent, adequate state law ground that precludes federal review.[5] In Walker v. Martin, however, the Supreme Court concluded that Clark's related timeliness rule is a well-established, independent and adequate state procedural ground for denial of habeas claims. Walker, 563 U.S. at 311, 315–321. Although California's timeliness rule is discretionary, and not *always* applied, the Court stated that a state procedural rule can be firmly established and regularly applied even if a state court exercising discretion may permit consideration of federal claims in some but not all cases. Id. at 317. The Supreme Court of California framed its timeliness requirements and provided instruction on its contours across a trilogy of cases, and California case law has developed which petitions are untimely. See id. The California Supreme Court denies hundreds of petitions under Clark every year. Id. Any inconsistencies in application of Clark due to California state courts' discretion does not mean a state ground is inadequate. Id. at 320. Discretion permits consideration of case-specific

---

[5] The Ninth Circuit has, however, had occasion to effectively imply as much in unpublished memorandum opinions. See, e.g., Trieu v. Fox, 764 F. App'x 624 (9th Cir. 2019).

circumstances and avoids unjust application of an uncompromising rule. Id. Discretion may render a state law ground inadequate when that discretion raises novel, unforeseeable consequences without support in state law, but California's timeliness rule is not such a case. Id. Absent any indication that California's untimeliness rule disadvantages prisoners bringing federal claims, nothing indicates that California's rule was inadequate. See id.

   The Ninth Circuit has recognized and applied Walker. See, e.g., Bradford, 923 F.3d at 610. At least insofar as timeliness is concerned, a state court's application of Clark is an independent and adequate state law ground. See, e.g., Ayala, 829 F.3d at 1095. Under the Walker decision, Clark's timeliness bar thus precludes federal relief absent a showing of cause and prejudice or a fundamental miscarriage of justice. See Bradford, 923 F.3d at 610–11; Ayala, 829 F.3d at 1095–96.

   Numerous other district courts have extended Walker's reasoning to Clark's other procedural bars, including to California's rejection of successive, piecemeal petitions. E.g., Martinez v. Frauenheim, No. 19-cv-05498-WHO (PR), 2020 WL 5257856, at *3 (N.D. Cal. Sept. 3, 2020); Luckett, 2020 WL 6868834, at *10; Briggs v. State, No. 15-cv-05809-EMC, 2017 WL 1806495, *6–7 (N.D. Cal. 2017); see also Brooks v. Bider, No. 1:18-cv-00883-LJO-JLT (HC), 2018 WL 6025853, at 16–17 (E.D. Cal. Nov. 16, 2018). The Court agrees with its sister courts. California's bar of successive and piecemeal petitions is an independent, adequate state law ground.

   California's procedural preclusion of successive and piecemeal petitions easily satisfies the independence requirement. For a state law ground to be independent, the state law resolution of a decision must not be interwoven with federal law. Nitschke v. Belleque, 680 F.3d 1105, 1109 (9th Cir. 2012); Bennet, 322 F.3d at 581. If a state court decision depends on an antecedent ruling of federal law, the procedural bar cannot be independent of federal law. Nitschke, 680 F.3d at 1109. Here, the Superior Court's application of Clark, a ruling from the Supreme Court of California dependent upon California law, is not interwoven with any federal question. See ECF No. 33-11 at 1; see also Clark, 5 Cal.4th at 764–82. The Superior Court invoked the rule as a standalone reason for refusing to address most of Petitioner's claims. See ECF No. 33-11 at 1. Clark's bar of successive, piecemeal petitions is an independent state law ground.

California's procedural rejection of successive and piecemeal habeas petitions also satisfies the adequacy requirement. See Martinez, 2020 WL 5257856, at *3; Luckett, 2020 WL 6868834, at *10. An adequate state law ground, as noted, must be firmly established and regularly followed. Walker, 563 U.S. at 316. The Supreme Court of California decided Clark in 1993. Clark, 5 Cal.4th at 750. Since then, the state Supreme Court has disposed of hundreds of cases a year with a citation to Clarke. Cf. Walker, 563 U.S. at 318 (discussing Clark's timeliness rule but indicating that the Supreme Court of California regularly denies hundreds of habeas petitions per year with citations to Clark). The Superior Court, too, noted that California courts *repeatedly* reject successive and piecemeal petitions. ECF No. 11 at 1. Clark is well-established in California law, and California courts regularly apply its holdings. That Clark entails discretionary application by the state court is of no moment. Walker, 563 U.S. at 316–17. State procedure may permissibly accommodate discretion. Id. The Court thus adopts the well-reasoned conclusions of its sister courts that Clark's bar on successive, piecemeal petitions is an adequate state law ground. See Martinez, 2020 WL 5257856, at *3; Church v. Hatton, No. 18-cv-02943-VC (PR), 2020 WL 978625, at *3 (N.D. Cal. Feb. 28, 2020); Luckett, 2020 WL 6868834, at *10.

Respondent has established that Clark's successiveness and piecemeal bars serve as independent and adequate state law grounds that preclude federal habeas relief. The burden now shifts to Petitioner to place the defense in issue by asserting specific factual allegations, including citation to authority, demonstrating the inadequacy and inconsistent application of California's procedural rule. See, e.g., Bennett, 322 F.3d at 586; Luckett, 2020 WL 6868834, at *10. Petitioner has not met this burden. He did not reply to Respondent's answer, let alone assert any facts or demonstrate that California's Clark procedures are inadequate or inconsistently applied.[6] The successiveness and piecemeal procedural bars thus stand as independent and adequate law grounds on which the Superior Court rejected Petitioner's state habeas petition.

To overcome Respondent's showing that the Superior Court's rejection of Petitioner's claims rested upon independent, adequate state law grounds, Petitioner must show

---

[6] Petitioner, however, did submit as Exhibit M to his petition a document titled "Petitioner's Response Refuting the Superior Court's Arguments as Bases for Denying (Instant) Habeas Petition." See ECF No. 1 at 364–79. Petitioner does not assert facts or law indicating that Clark is inadequate or inconsistently applied. Id.

1    either (1) cause for the default and prejudice, or (2) that this Court's refusal to review his claims

2    would result in a fundamental miscarriage of justice. See, e.g., Martinez, 566 U.S. at 10; Bradford,

3    923 F.3d at 610; Luckett, 2020 WL 6868834, at *9. Petitioner has not done so. He has not shown—

4    or even alleged in reply to Respondent's default argument—that a cause external to himself resulted

5    in his defaulted claims.[7] See, e.g., Bradford, 923 F.3d at 610, 612. Nor, as he must do in order to

6    establish prejudice, has Petitioner shown that any errors in his criminal trial resulted in actual and

7    substantial prejudice that infected his entire trial with errors of constitutional dimension. See id. at

8    613; Luckett, 2020 WL 6868834, at *9. Finally, Petitioner has not argued that this Court's refusal

9    to hear his claims even though the state court rejected them on independent and adequate state

10   grounds would result in a fundamental miscarriage of justice. See, e.g., Coleman, 501 U.S. at 749–

11   50; Cooper v. Neven, 641 F.3d 322, 327 (9th Cir. 2011); Luckett, 2020 WL 6868834, at *9, 11.

12           In the absence of a showing that cause and prejudice or a fundamental miscarriage

13   justice would justify disregard of the state court's application of its independent and adequate bar

14   on successive, piecemeal claims, the Court is without power to hear Petitioner's defaulted claims.

15   Martinez, 566 U.S. at 9–10; Coleman, 501 U.S. at 750, Luckett, 2020 WL 6868834, at *9, 11.

16   Federal habeas relief is barred for Petitioner's procedurally defaulted claims. E.g., Coleman, 501

17   U.S. at 750; Bradford, 923 F.3d at 610; see Frauenheim, 2020 WL 5257856, at *2–4.

18   **B. Ineffective Assistance of Appellate Counsel:**

19           Petitioner forwards a litany of reasons why his appellate counsel was ineffective.

20   ECF No. 1 at 117–26. Petitioner argues that his appellate counsel was ineffective because she failed

21   to consult with Petitioner regarding the exact issues he wanted argued in the appeal of his

---

[7] The Court again notes that it has considered Exhibit M to Petitioner's petition. See ECF No. 1 at 364–79. Petitioner, though, merely rehashes his ineffective assistance of appellate counsel claims and explains that his difficulty getting the entire trial record excuses his piecemeal, successive petitions in California state court. See id. He contends that he submitted his petitions "out of sequence" because he is unfamiliar with habeas procedure. Id. at 365. Petitioner also argues that his due diligence in trying to secure records both for his first petition submitted before his appeal was finalized and for his second petition excuses the piecemeal, successive nature of his petitions. See id. at 365–68. Trial counsel and appellate counsel alike, Petitioner contends, did not promptly give him the records. Id. at 365–67. Assuming Petitioner's contentions establish cause for the procedural default, the Court concludes Petitioner fails to show prejudice; namely, that any errors at trial worked to his actual, substantial disadvantage and infected his trial with error of constitutional dimension. Luckett, 2020 WL 6868834, at *9, 11–12. The Court also concludes that its refusal to review Petitioner's claims does not trigger the second exception through a fundamental miscarriage of justice. See Coleman, 501 U.S. at 750; Bradford, 923 F.3d at 610; Luckett, 2020 WL 6868834, at *9, 11–12. Petitioner did not file a response to Respondent's specific default arguments forwarded in Respondent's answer.

15

1    conviction, delayed filing his appeal by requesting extensions of time to file due to her workload

2    and illness, and failed to raise various issues on appeal (including claims Petitioner has raised on

3    petition for a writ of habeas corpus). See id. at 117–27. Petitioner raised each of the claims present

4    before this Court on petition before the Superior Court. See ECF No. 33-10 at 96–105.

5         The Superior Court resolved Petitioner's ineffective assistance of counsel claim on

6    the merits. ECF No. 33–11 at 1–4. The court rejected each of Petitioner's arguments for why his

7    appellate counsel was ineffective. Id. As described above, the court concluded that none of the

8    issues that Petitioner wanted his appellate counsel to raise on appeal had merit. Id. She was thus

9    not ineffective for failing to raise them. Id. The court also reasoned that Petitioner failed to show

10   any reason why he was entitled to a more prompt or different decision on appeal. Id. at 4.

11        Petitioner only addresses the merits of his ineffective assistance of appellate

12   counsel claim. ECF No. 1 at 117–27. He does not specifically argue, under 28 U.S.C. § 2254(d),

13   that the Superior Court's adjudication of his ineffective assistance claim resulted in (1) a decision

14   that was contrary to, or involved an unreasonable application of, clearly established federal law; or

15   (2) a decision based on an unreasonable determination of the facts in light of the evidence presented

16   in state court. See id. But his petition appears to challenge the reasonableness of the outcome of his

17   state habeas petitions based on application of case law and standards of effective counsel, rather

18   than any factual determination.[8] See id. Respondent's answer to the ineffective assistance claim

19   similarly falls under § 2254(d)(1). See ECF No. 31 at 42–47. Respondent argues that fair-minded

20   jurists could agree with the Superior Court's application of case law and determination that

21   Petitioner did not receive ineffective assistance of appellate counsel. See id. The Court construes

22   Petitioner's petition as arguing that the Superior Court's decision was contrary to or involved an

23   unreasonable application of clearly established federal law.[9] See 28 U.S.C. § 2254(d)(1).

24   ///

25   ///

26

27   [8] Petitioner, for instance, does not argue that any of the Superior Court's factual findings are incorrect. The court's
     factual findings, in any case, are presumed correct. 28 U.S.C. § 2254(e)(1)

28   [9] Under 28 U.S.C. § 2254(d)(1), review is limited to the record that was before the state court that adjudicated the
     claim on the merits. Cullen, 563 U.S. at 181–82.

16

1    **1.   <u>Strickland</u> Standard of Ineffective Assistance of Counsel:**

2          The standard for determining whether legal counsel was ineffective is well-

3    established. The Court reviews claims of ineffective assistance of appellate counsel by the same

4    standard as set for trial counsel in <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984). <u>See</u> <u>Smith</u>

5    <u>v. Robbins</u>, 528 U.S. 259, 285 (2000). Petitioner must show that his appellate counsel's

6    performance was deficient and that he was prejudiced as a result. <u>See, e.g.</u>, <u>id.</u>; <u>Harrington</u>, 562

7    U.S. at 104–05 (citing <u>Strickland</u>, 466 U.S. at 688). To establish counsel's deficient performance,

8    Petitioner must show that his counsel's performance fell below an objective standard of

9    reasonableness. <u>Id.</u> at 104. The Court must apply a strong presumption that counsel's performance

10   fell within the vast range of reasonable professional assistance. <u>Id.</u> Petitioner's burden is to establish

11   that counsel made errors so significant that counsel was not functioning as "counsel" as guaranteed

12   under the Sixth Amendment to the United States Constitution. <u>Id.</u>

13          As for prejudice, Petitioner must establish a "reasonable probability that, but for

14   counsel's unprofessional errors, the result of the proceeding would have been different. A

15   reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u>

16   (quoting <u>Strickland</u>, 466 U.S. at 694). It is insufficient to simply show that errors had some

17   *conceivable* effect on the outcome of a proceeding. <u>Id.</u> Counsel's errors must be so serious that

18   Petitioner was denied a fair proceeding whose result is reliable. <u>See id.</u>

19          Overcoming <u>Strickland</u> is difficult in the first instance. <u>See id.</u> at 105. <u>Strickland</u> is

20   a deferential standard. <u>Id.</u> It is doubly so under § 2254(d). <u>Id.</u> <u>Strickland's</u> standard is general and

21   its range of reasonable applications is extensive. <u>Id.</u> Federal habeas courts must not equate

22   unreasonableness under <u>Strickland</u> with unreasonableness under § 2254(d). <u>Id.</u> If § 2254(d) applies,

23   the question is not whether counsel's actions were reasonable. <u>Id.</u> The question, instead, is whether

24   there is some reasonable argument that counsel fulfilled <u>Strickland's</u> deferential rule. <u>Id.</u> In other

25   words, the question is whether the state court's determination that counsel satisfied <u>Strickland</u> is

26   reasonable. <u>See id.</u> at 105–09; <u>see also</u> <u>Hurles v. Ryan</u>, 752 F.3d 768, 779 (9th Cir. 2014).

27   ///

28   ///

1       **2.**   **The Superior Court's Decision:**

2         **a.**   **Contrariness to Federal Law:**

3         The Superior Court's determination that Petitioner did not receive ineffective

4 assistance of appellate counsel was not contrary to clearly established federal law. The court applied

5 <u>Strickland</u>, which is the U.S. Supreme Court's rule governing ineffective assistance claims.

6 <u>Harrington</u>, 562 U.S. at 104–05; <u>Smith</u>, 528 U.S. at 285. The court did not apply a rule contradicting

7 governing law outlined in Supreme Court cases. <u>See</u> 28 U.S.C. § 2254(d)(1); <u>Ayala</u>, 829 F.3d at

8 1094. Nor did the court reach a contrary conclusion to a case involving a set of materially

9 indistinguishable facts. There is no direct conflict with Supreme Court precedent.

10         **b.**   **Application of Federal Law:**

11         Petitioner's primary grievance with his appellate counsel is that she did not raise a

12 host of issues on appeal. ECF No. 1 at 117–26. The Superior Court reviewed each issue, and this

13 Court does not recite them all here. <u>See</u> ECF No. 33-11. Having reviewed the record, this Court

14 concludes that it is enough that the Superior Court determined that each of Petitioner's alleged

15 errors at trial were without merit and would not have altered the outcome of Petitioner's appeal.

16 <u>See</u> <u>id.</u> at 2–4. And thus, that appellate counsel was not ineffective for declining to raise them. <u>Id.</u>

17         The Superior Court found, for example, that even if there were a contractual dispute

18 between Petitioner and his clients—as Petitioner contends that his appellate counsel should have

19 argued that his case sounded only in contract—the existence of a contractual dispute does not

20 preclude criminal prosecution for fraud. <u>Id.</u> at 2. By further way of example, the court found that

21 Petitioner's claim that the evidence at trial was insufficient to show that he knowingly violated the

22 law or intended to defraud clients was also baseless. <u>Id.</u> at 2–3. The evidence indicated that

23 Petitioner promised his clients a refund, but that most of his clients did not receive refunds. <u>Id.</u>

24 Evidence proved that he paid earlier clients refunds with the fees paid by later customers. <u>Id.</u> at 3.

25 That Petitioner did not expect everyone to request a refund at the same time changes nothing. <u>Id.</u>

26 Failure to refund, under California law, serves as a presumption of intent to defraud. <u>Id.</u>

27 ///

28 ///

18

Appellate counsel may be deficient by unreasonably failing to discover and brief meritorious issues on appeal. See, e.g., Moormann v. Ryan, 628 F.3d 1102, 1106 (9th Cir. 2010). But no controlling Supreme Court decision requires appointed appellate counsel to argue *every* nonfrivolous issue urged by a client if counsel, in their professional judgment, decides not to raise those issues. E.g., Jones v. Barnes, 463 U.S. 745, 751 (1983). Weeding out weak issues and, by extension, raising stronger ones on appeal is a hallmark of effective appellate advocacy. See, e.g., Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir. 1989). On many occasions, counsel will not raise an issue because they foresee little likelihood of success. See id. Appellate counsel is not required to raise meritless, "untenable" issues on appeal. Rogovich v. Ryan, 694 F.3d 1094, 1106 (9th Cir. 2012). Failure to raise meritless issues on appeal does *not* establish ineffective assistance counsel. Martinez v. Ryan, 926 F.3d 1215, 1226 (9th Cir. 2019). Moreover, the Court notes that appellate counsel has an ethical obligation to refrain from raising meritless arguments that would waste the court's time. See, e.g., McCoy v. Court of Appeals of Wis., Dist. 1, 486 U.S. 429, 436 (1988).

The Superior Court reasonably applied these standards.[10] Because each of Petitioner's alleged errors were meritless, it was consistent with Strickland for the Superior Court to conclude that Petitioner's appellate counsel was not ineffective for failing to raise them. E.g., Martinez, 926 F.3d 1226. Based on the Court's review of the merits of Petitioner's alleged errors and the applicable law, the Court agrees with the Superior Court.[11]

Moreover, Petitioner implies that that the errors he alleged were significant and would have warranted reversal of his conviction. See ECF No. 1 at 122–26. But Petitioner's implication that the errors he identifies—and counsel's alleged ineffectiveness in failing to raise them—warrant reversal of his conviction is left to stand on its own.[12] See id. at 117. Petitioner merely goes on to rehash his story and states that if he can identify errors without legal education then counsel should have done so. Id. at 118–19, 122–26. Petitioner thus has not shown prejudice

---

[10] The Superior Court cited California case law in stating that appellate counsel had a duty to raise "arguable issues," but need not have raised meritless issues. ECF No. 33-11 at 1–2. The court, however, cited and correctly applied Strickland. See id.

[11] The Court, in examining counsel's failure to raise claims on appeal, must assess the merits of the underlying claims. Moormann, 628 F.3d at 1106–07.

[12] To Petitioner's credit, he incorporates his procedurally defaulted claims into his claim for ineffective assistance of counsel to the extent he alleges they should have been appealed. ECF No. 1 at 117.

1  undermining confidence in the outcome of his appeal. <u>Harrington</u>, 562 U.S. at 104–05. Petitioner's

2  claims amount to an allegation of error that had some conceivable effect on his appeal. <u>See</u> <u>id</u>. He

3  has failed to show any error so egregious such that he was denied a fair, reliable appeal. <u>See</u> <u>id</u>.

4       Even if this Court believed—which it does not—that the Superior Court's

5  application of <u>Strickland</u> was incorrect, habeas relief would be unwarranted unless that court's

6  decision was objectively *unreasonable*. <u>See</u> <u>Lockyer</u>, 538 U.S. at 75; <u>Williams</u>, 529 U.S. at 409;

7  <u>Robertson</u>, 849 F.3d at 1182. Indeed, even if the Court believed that Petitioner received ineffective

8  assistance of appellate counsel, the question for the Court is not whether counsel's actions were

9  reasonable, but whether there is any reasonable argument that counsel satisfied <u>Strickland</u>—

10  whether there is any reasonable ground on which the state court could have determined that counsel

11  was not ineffective. <u>See</u> <u>Harrington</u>, 562 U.S. at 105; <u>Hurles</u>, 752 F.3d at 779. Based on the above,

12  the Court concludes that there is a sufficient argument to be made that Petitioner's appellate counsel

13  was not constitutionally deficient. The Superior Court's decision is reasonable.

14       Fair-minded jurists, at the very least, can disagree about the correctness of the

15  Superior Court's decision that counsel was not ineffective for failing to raise meritless claims. <u>See</u>

16  <u>Harrington</u>, 562 U.S. at 101–05; <u>Robertson</u>, 849 F.3d at 1182; <u>see also</u> <u>Jones</u>, 463 U.S. at 751;

17  <u>Martinez</u>, 926 F.3d at 1226; <u>Moormann</u>, 628 F.3d at 1106–07. Petitioner certainly has not shown

18  the Court the Superior Court's decision as so lacking in justification that there is error beyond any

19  fair-minded disagreement. <u>See</u> <u>White</u>, 572 U.S. at 419–420; <u>Robertson</u>, 849 F.3d at 1182. A fair-

20  minded possibility of disagreement precludes federal habeas relief. <u>Harrington</u>, 562 U.S. at 101–

21  03; <u>Robertson</u>, 849 F.3d at 1182.

22       The Court further concludes that Petitioner's claims that appellate counsel was

23  ineffective for failing to consult with him on the exact issues that he wanted raised and for

24  requesting extensions of time do not warrant habeas relief.

25       As to the extensions, Petitioner contends that appellate counsel sought six

26  extensions of time to file Petitioner's opening brief on appeal. ECF No. 121. The California Court

27  of Appeal granted each one. <u>Id</u>. Counsel sought extensions due to her workload, the size of the

28  record, illness, and temporary physical disability. <u>Id</u>. Petitioner contends that because appellate

counsel works from home, she should have been able to spend two additional hours per day managing Petitioner's case (because she was not commuting to and from work). Id. He asserts that appellate counsel should have continued working from her sickbed. Id. Petitioner argues that counsel was ineffective because it took twenty-seven months (apparently including the time it took for the Court of Appeal to issue an opinion after briefing) to conclude his appeal. See id. at 113–14, 117–18, 120–22.

Petitioner's allegations are meritless. Firstly, counsel would have had to seek leave from the Court of Appeal to extend the time to file Petitioner's opening brief. Cal. R. Ct. 8.50. Whatever counsel's reasons were, they were ostensibly adequate to gain relief from that court. This Court certainly does not second-guess the California Court of Appeal's ability to manage its own docket.

More to the point, Petitioner has failed to show that counsel's request and receipt of extensions of time constituted deficient performance, let alone that he was prejudiced by it. See Harrington, 562 U.S. at 104; Moormann, 628 F.3d at 1106–07. He has not shown, for example, that counsel committed some error but for which the outcome of his appeal would have somehow been different or missed some filing deadline resulting in preclusion of his appeal. See id.; cf. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000); Peguero v. United States, 526 U.S. 23, 28 (1999). Counsel litigated Petitioner's appeal to a positive conclusion. See, e.g., ECF No. 33-9. Too, the Superior Court rejected Petitioner's claim and concluded that Petitioner had failed to show that he was entitled to a more prompt procedure or decision on appeal. Petitioner has not shown or argued how the Superior Court's decision is objectively unreasonable in that regard.

Finally, Petitioner contends that appellate counsel did not appropriately correspond with him about the issues he wanted her to raise on appeal. ECF No. 1 at 119–20. Counsel apparently corresponded with Petitioner only to confirm that she was his attorney, to inform him that the Court of Appeal had granted her requests for extensions of time, and to tell him that she had identified the pretrial custody credits issue. Id. at 119. She told Petitioner that she had conferred with the Attorney General's Office, and that the Office agreed that Petitioner's award of pretrial credits merited correction. Id. Counsel allegedly declined to send Petitioner the trial record as she

1    required it to complete the appeal. Id. Petitioner alleges that counsel did not accept his phone calls

2    from prison. Id. When he threatened counsel and told her that he would report her to the State Bar

3    if she did not bring the appeal to completion and send Petitioner the trial record, she eventually sent

4    him the record.[13] Id. at 120. Petitioner complains that counsel never asked Petitioner for his input

5    on trial errors. Id. He argues that because counsel lives in Los Angeles, she should have visited him

6    in person in prison in Chino, California. Id. Petitioner concludes that, because of counsel's alleged

7    failure to consult, his appeal took twenty-seven months to complete and that he was prevented from

8    seeking post-conviction relief because she did not promptly release the trial record to him. Id.

9         Adequate consultation between attorney and client is a crucial element of

10   constitutionally competent representation. Correll v. Ryan, 539 F.3d 938, 943 (9th Cir. 2008).

11   Limited consultations may indeed constitute deficient performance. Summerlin v. Schriro, 427 F.3d

12   623, 633 (9th Cir. 2005); see Turner v. Duncan, 158 F.3d 449, 457 (9th Cir. 1998) ("Counsel's

13   admission that he spent at most forty-five minutes with [the defendant] prior to trial demonstrates

14   deficient performance ... [and] is especially shocking in light of the seriousness of the charges").

15   The amount of consultation required will depend upon the facts of each case but should be enough

16   to determine all legally relevant information known to a defendant. United States v. Tucker, 716

17   F.2d 576, 581–82 (9th Cir. 1983). But there is no established minimum number of meetings and

18   consultation may, in part, depend upon how much a well-trained lawyer gleans from any meeting.

19   See, e.g., Bush v. Muniz, No. 5:15-cv-02563-DDP-JC, 2020 WL 6588393, at *22 (C.D. Cal. July

20   31, 2020) (citing Moody v. Polk, 408 F.3d 141, 148 (4th Cir. 2005); United States v. Olson, 846

21   F.2d 1103, 1108 (7th Cir. 1988)). Brevity of consultation time, standing alone, does not support a

22   claim of ineffective assistance of counsel. E.g., id.; White v. Pollard, No. 2:18-cv-05057-JFW

23   (AFM), 2020 WL 1173508, at 7; see United States v. Lucas, 873 F.2d 1279, 1280 (9th Cir. 1989).

24        Petitioner has not shown that appellate counsel was deficient in failing to consult

25   with him more often or on the meritless issues that Petitioner wanted her to raise. Neither has he

26   shown prejudice. Although Petitioner was certainly entitled to consultation with appellate counsel,

27

28   ---

[13] Petitioner apparently received the trial record *after* the conclusion of his appeal, or at least after the case was submitted to the Court of Appeal for determination. See ECF No. 1 at 117–20

1    his allegations are conclusory and self-serving. ECF No. 1 at 119–20. Other than indicating that

2    appellate counsel did not consult with him regarding the meritless claims he wanted counsel to

3    raise, Petitioner does not indicate what additional information counsel would have gleaned.

4    Conclusory allegations that appellate counsel was ineffective fall far short of establishing a

5    constitutional violation. E.g., Bush, 2020 WL 6588393, at *22; Jones v. Gomez, 66 F.3d 199, 205

6    (9th Cir. 1995). Indeed, even if the Court were to assume that counsel's failure to meet with

7    Petitioner more often was deficient representation, Petitioner fails to show how additional or

8    extended meetings (or how regularly visiting Petitioner in prison) would have affected the outcome

9    of his appeal. See ECF No. 1 at 119–20. Though additional meetings might have been more

10   comfortable, Petitioner has failed to show that counsel's performance fell below an objective

11   standard of reasonableness.

12       Moreover, although Petitioner alleges that the length it took for his appeal to reach

13   its conclusion prevented him from pursuing post-conviction relief, Petitioner has failed to show

14   how appellate counsel's retention of trial records during the pendency of Petitioner's appeal

15   prejudiced his pursuit of post-conviction relief once his appeals were finalized. Indeed, Petitioner

16   has filed four petitions for a writ of habeas corpus since his case concluded in the California Court

17   of Appeal. See ECF Nos. 1, 33-9, 33-11, 33-12, 33-14. The mere conclusory allegation that he was

18   prejudiced is insufficient. Jones, 66 F.3d at 205.

19       Petitioner has thus again failed to show that the Superior Court's determination that

20   appellate counsel was not ineffective (see ECF No. 33-11 at 4) was objectively unreasonable.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1

**IV. CONCLUSION**

2          Considering the above, the Court concludes that petitioner is not entitled to federal

3    habeas corpus relief.

4          Under Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the Court has

5    considered whether to issue a certificate of appealability. Before Petitioner can appeal this decision,

6    a certificate of appealability must issue. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Where the

7    petition is denied on the merits, a certificate of appealability may issue under 28 U.S.C. § 2253

8    "only if the applicant has made a substantial showing of the denial of a constitutional right." 28

9    U.S.C. § 2253(c)(2).  The Court must either issue a certificate of appealability indicating which

10   issues satisfy the required showing or must state the reasons why such a certificate should not issue.

11   See Fed. R. App. P. 22(b). Where the petition is dismissed on procedural grounds, a certificate of

12   appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it

13   debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of

14   reason would find it debatable whether the petition states a valid claim of the denial of a

15   constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v.

16   McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 1604 (2000)). For the reasons above, the Court finds that

17   issuance of a certificate of appealability is unwarranted.

18         Accordingly, IT IS HEREBY ORDERED that:

19         1.     Petitioner's petition for a writ of habeas corpus (ECF No. 1) is **DENIED**;

20         3.     The Court declines to issue a certificate of appealability; and

21         4.     The Clerk of the Court is directed to enter judgment and close this file.

22

23

24   Dated:  February 17, 2021

25                                              _____
                                                DENNIS M. COTA
26                                              UNITED STATES MAGISTRATE JUDGE

27

28